UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>26-MJ-6076-PAB</u>

FILED BY _____SM_____ D.C.
Feb 12, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**UNITED STATES**

v.

**MALCOLM RASHAD GOODMAN**
_____/

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   NO

2. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   NO

3. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   NO

Respectfully submitted,
**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By: *Germaine A. Corprew*
GERMAINE A. CORPREW
ASSISTANT UNITED STATES ATTORNEY

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Malcolm Rashad Goodman,<br><br>*Defendant(s)* | Case No.  26-MJ-6076-PAB |

FILED BY ___SM___ D.C.
Feb 12, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of February 11, 2026 in the county of Broward in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C.§§841(a)(1) &(b)(1)(A)(ii) | Possession with intent to distribute a controlled substance |
| 21 U.S.C.§§ 952(a) & 960(b)(1)(B) | Importation of a controlled substance |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jose Alvarez HSI TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 12, 2026

_____
*Judge's signature*

City and state: Fort Lauderdale, Florida    Panayotta Augustin-Birch, U.S. Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jose A Alvarez (the "Affiant"), being duly sworn, depose and state:

### INTRODUCTION AND AGENT BACKGROUND

I am employed as a Task Force Officer (TFO) with the Department of Homeland Security ("DHS"), Homeland Security Investigations (HSI) and have been so employed since 2019. Your Affiant, has been a South Miami Police Officer for the past Twenty-one (21) years, and is currently assigned, since June 2018, to the South Miami Police Department, Criminal Investigations Division, Special Investigations Unit, and attached as a Task Force Officer to the United States Department of Homeland Security Investigations ("HSI"), I currently am assigned to the HSI Border Enforcement Security Team (BEST) Maritime Smuggling Group and High Intensity Drug Trafficking Area ("HIDTA") of South Florida. BEST and HIDTA is an investigative entity that is comprised of law enforcement officers from various federal, state, and local law enforcement agencies who work together in a cooperative relationship. I am responsible for investigating matters within the jurisdiction of the DHS, to include violations of the immigration and customs laws of the United States. I have conducted several investigations involving maritime smuggling involving humans, narcotics, weapons, money, violent crimes, and organized criminal enterprises. I have received specialized training in narcotics investigations and identification as well as in laws concerning searches and seizures. Your Affiant attended training in the areas of general investigations. Your Affiant has completed numerous searches and arrest warrants during his tenure as an Investigative Detective.

1. HSI TFOs are authorized to investigate numerous federal violations, including violations of Titles 8, 18, 19, and 21 of the United States Code.

2. As a law enforcement officer within the meaning of 18 U.S.C. § 2510(7), among other things, I am empowered by law to conduct investigations of and make arrests for offenses enumerated in Titles 18, 19, 21, 31, and 46 of the United States Code.

3. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officers or other credible sources of information. I have not included in this affidavit each and every fact and

circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause in support of a criminal complaint. The purpose of this affidavit is to show probable cause to arrest Malcolm Rashad Goodman ("GOODMAN") for violations of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii) (possession with intent to distribute cocaine) and 21 U.S.C. § 952 (importation of controlled substances).

4. On February 11, 2026, a private vessel—M/V "REEL XPERIENCE," a 45-foot vessel (the "vessel")—was stopped 4 Nautical Miles (26' 05.65N / 080'05.98W) from shore by the United States Coast Guard Station Fort Lauderdale. GOODMAN advised the United States Coast Guard that he was arriving from Nassau, Bahamas, and stated that he had been underway for approximately seven (7) hours at the time the Coast Guard stopped the vessel. Based on the vessel's voyage from a foreign location, it was determined to be subject to an inbound customs border search.

5. During the border inspection, members of the United States Coast Guard observed multiple brick-shaped objects in plain view onboard the vessel. The Coast Guard was later assisted by U.S. Customs and Border Protection ("CBP") Officer Andrew McCann and CBP narcotics detection canine "COBRA." A free-air sniff of the vessel was conducted, during which COBRA provided a positive alert for the presence of controlled substances, consistent with the detection of narcotics. During the subsequent border search of the vessel, law enforcement officers discovered multiple brick-shaped objects in plain view in the common area and the stateroom onboard the vessel. The packages were wrapped in cellophane and contained a white powder-like substance. A presumptive field test was conducted on the substance, which yielded a positive result for cocaine. Law enforcement seized approximately 200 kilograms of cocaine. In addition, law enforcement located approximately 248 bottles of cough syrup contained inside a plastic storage bin onboard the vessel.

6. GOODMAN was advised of his Miranda rights. The Miranda warnings were read and explained to GOODMAN. After being advised of his rights, GOODMAN stated that he did not wish to speak with law enforcement without an attorney present.

7. Prior to being advised of his Miranda rights, GOODMAN spontaneously stated, "I am going to eat it," and further spontaneously uttered that he was guilty and that he was solely involved in the smuggling of the narcotics.

8. Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about February 11, 2026, GOODMAN did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, approximately 200 kilograms of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii); and did knowingly and intentionally attempt and conspire to import that Schedule II controlled substance into the United States from a place outside thereof, in violation of 21 U.S.C. § 952.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

Jose Alvarez
HSI Task Force Officer

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by FaceTime, this  12th  day of February 2026,
in Fort Lauderdale, Florida.

HON. PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 26-MJ-6076-PAB

## BOND RECOMMENDATION

DEFENDANT: MALCOLM RASHAD GOODMAN

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Germaine A. Corprew*
AUSA:   GERMAINE A. CORPREW

Last Known Address: _____

What Facility: _____

Agent(s):   Jose Alvarez HSI TFO
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)